PHILLIP E. SHAPIRO, CARLA B. SHAPIRO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shapiro v. Commissioner
Docket No. 7065-80.
United States Tax Court
T.C. Memo 1981-719; 1981 Tax Ct. Memo LEXIS 25; 43 T.C.M. (CCH) 136; T.C.M. (RIA) 81719; December 21, 1981. Phillip E. Shapiro, pro se. Paulette Segal, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: Respondent determined a deficiency in petitioners' 1977 Federal *26 income taxes of $ 1,191.90. We must determine whether petitioners are entitled to: (1) a business expense deduction of $ 1,258 pursuant to section 162 [1]; (2) a sales tax deduction of $ 2,188 pursuant to section 164(a)(4). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, Phillip E. Shapiro and Carla B. Shapiro (Mrs. Shapiro), [2] filed a joint Federal income tax return for 1977 with the District Director, Internal Revenue Service Center, Holtsville, New York. At the time they filed their petition in this case, petitioners resided in New York, New York. During 1977, petitioner was employed as a teacher for the City of Yonkers Board of Education (Board of Education). From September 7, 1977, through September 30, 1977, a period of 18 working days, petitioner and other teachers working for the Board of Education engaged in a strike. The *27 parties have stipulated that the strike violated New York Civil Service Law Sections 200 through 214 (the Taylor Law). [3] While she was on strike, petitioner was not paid what she would have earned had she not been on strike. Additionally, in accordance with section 210(2)(g) of the Taylor Law, the school district deducted from petitioner's subsequent gross pay the amount of $ 1,258, one day's pay for each day petitioner was on strike. [4]
*28 Petitioner objected to the determination of the superintendent of Yonkers Public School District that she had violated the Taylor Law. Petitioner's objection was denied and she did not seek judicial review thereof. On their 1977 Federal income tax return, petitioners labeled the $ 1,258 as a labor assessment and deducted it as a miscellaneous business expense. Petitioners also deducted $ 2,188 as general sales tax. OPINION Respondent has disallowed petitioners' miscellaneous business expense deduction. He argues (1) the amount is not deductible because it is not an ordinary and necessary business expense within the meaning of section 162(a); (2) the deduction is a penalty paid to the State of New York for violation of a law and is specifically disallowed by section 162(f). [5]
We will first consider whether section 162(f) disallows petitioner's deduction. Section 162(f) provides that -- No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for *29 the violation of any law. The regulations under section 162(f) define "a fine or similar penalty" to include an amount "[p]aid as a civil penalty imposed by Federal, State, or local law * * *." Section 1.162-21(b)(ii), Income Tax Regs. In Tucker v. Commissioner, 69 T.C. 675 (1978), this Court held that labor assessments imposed under the Taylor Law are nondeductible civil penalties. We hold that our decision in Tucker controls this case. Petitioner admits that the facts in Tucker are substantially identical to the facts in this case. Nevertheless, petitioner argues that, insofar as section 162(f) was enacted to codify prior decisional law, see Tucker v. Commissioner, supra at 679, n. 4, our decision in Tucker erroneously concludes that prior to the enactment of section 162(f) payments resulting from civil as well as criminal sanctions were nondeductible. Petitioner's interpretation of the decisional law as it existed prior to 1969 is erroenous. See Southern Pacific Transportation Co. v. Commissioner, 75 T.C. 497, 649-653 (1980); Adolf Meller Co. v. United States, 220 Ct. Cl. 500, 600 F.2d 1360, 1362-1363 (1979). *30 Additionally, petitioner urges that, even if deductions for some civil sanctions are impermissible, Tucker erroneously denied a deduction for a sanction imposed prior to legal proceedings before an independent tribunal. We note that the Commissioner's regulations do not require the prerequisite to nondeductibility which petitioner urges us to adopt; the regulations specifically disallow a deduction for amounts paid in settlement of an actual or potential liability for a civil or criminal fine or penalty. Section 1.162-21(b)(1)(ii), Income Tax Regs. See adolf Meller Co. v. United States, supra, sustaining the validity of this regulation. The Taylor Law provides an opportunity for review of the superintendent's decision by a hearing officer and for judicial review of the hearing officer's determination. N.Y. Civ. Serv. Law sec. 210(2)(h) (McKinney 1973). It was petitioner's decision not to seek judicial review of the labor assessment. A requirement that nondeductibility be preceded by a court decision holding that the fine was properly withheld would present a serious problem by encouraging taxpayers to "pay early and get the *31 deduction." See S & B Restaurant, Inc. v. Commissioner, 73 T.C. 1226, 1234 (1980). In view of our decision with respect to section 162(f), we need not address respondent's other arguments. We reaffirm our decision in Tucker and hold that, pursuant to section 162(f), payments resulting from sanctions imposed by the Taylor Law are not deductible. With respect to the amount claimed as a deduction for New York sales tax, petitioners have not sustained their burden of proof (Rule 142(a)) and are not entitled to a deduction in excess of the amount allowed by respondent. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. All references to petitioner will be to Mrs. Shapiro.↩
3. N.Y. Civ. Serv. Law sec. 210(1) (McKinney 1973), provides. No public employee or employee organization shall engage in a strike, and no public employee or employee organization shall cause, instigate, encourage, or condone a strike. ↩
4. N.Y. Civ. Serv. Law sec. 210(2)(g) (mcKinney 1973), provides: Payroll deductions. Not earlier than thirty nor later than ninety days following the date of such determination, the chief fiscal officer of the government involved shall deduct from the compensation of each such [striking] public employee an amount equal to twice his daily rate of pay for each day or part thereof that it was determined that he had violated this subdivision; such rate of pay to be computed as of the time of such violation. In computing such deduction, credit shall be allowed for amounts already withheld from such employee's compensation on account of his absence from work or other withholding of services on such day or days. * * *↩
5. Petitioner properly included the $ 1,258 withheld by the Board of Education in gross income for 1977. Tucker v. Commissioner, 69 T.C. 675, 679↩ (1978).